IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 89-cv-00732-JLK-CBS

SAND CREEK PARTNERS, LTD., a Colorado partnership, et al.,
    Plaintiffs,
v.

AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION OF COLORADO, a federally chartered savings and loan association, et al.,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on judgment creditor The Cadle Company's ("Cadle") "Further Status Report; Request for Additional Time to [E]ffect Personal Service by Mail; or, alternatively, Request for Service by Certified Mail and Publication (in rem)" (doc. # 161), filed on March 21, 2006 in response to the court's February 27, 2006 Order to Show Cause.

    On or about January 7, 1991, judgment was entered in this civil action in favor of the Resolution Trust Corporation ("RTC"), as receiver for American Savings of Colorado, a federally-chartered savings and loan association and against Plaintiffs Sand Creek, Bergman, and Bortles ("the Judgment"). On or about November 13, 1995, RTC assigned all its rights, title, and interest in the Judgment to Premier Financial Services-West, L.P. ("Premier"). On or about October 13, 1999, Premier assigned all its rights, title, and interest in the Judgment to Cadle.

Pursuant to Colo. Rev. Stat. § 7-60-128(1), "[o]n due application to a court of competent jurisdiction by any judgment creditor of a partner, the court that entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment with interest thereon . . . ." Movant Cadle alleges that Bortles is a partner in Sand Creek and several other partnerships. (*See* Motion for a Charging Order (doc. # 130) at ¶ 9). Cadle seeks to charge Bortles' partnership interests with payment of the unsatisfied amount of the Judgment and to be appointed as receiver of Bortles' share of the profits or any other money due or to become due to Bortles with respect to the partnerships. (*See* Motion for a Charging Order at ¶ 12).

The Motion for a Charging Order has been pending for twelve months. The court held hearings on Cadle's Motion on July 12, 2005 and January 23, 2006. The court has granted Cadle several extensions of time to prosecute the Motion and to effect service on Bortles, to October 12, 2005, to December 27, 2005, to January 23, 2006, to February 23, 2006, and to March 21, 2006. As of this date, Cadle has been unable to serve Bortles with the Motion for a Charging Order. (*See* Status Report Regarding Service (filed February 21, 2006) (doc. # 158) and the instant Status Report (doc. # 161)).

Cadle now seeks a further 30-day extension of time to complete service on Bortles in Fiji, based on its communications with Process Service International and Investigative Resources International. (*See* Exhibits 1 through 4 to the instant Status Report (doc. # 161)). On or about January 9, 2006, Cadle's counsel communicated

with Process Service International regarding service of the Motion for a Charging Order on Bortles.  At that time, Cadle's counsel was told that "it would take approximately 4 months for the service to be completed."  (*See* Exhibit 1 to the instant Status Report (doc. # 161)).  The record reveals that Cadle has been diligently pursuing service of process on Bortles in Fiji and that circumstances in Fiji have delayed service on Bortles.       Accordingly, IT IS ORDERED that:

    1.    Cadle's "Request for Additional Time to [E]ffect Personal Service by Mail;" (doc. # 161) (filed March 21, 2006) is GRANTED.

    2.    Cadle's request in the alternative for "Service by Certified Mail and Publication (in rem)" (doc. # 161) is DENIED.

    3.    Cadle shall file with the court on or before May 10, 2006 proof of service of the Motion for a Charging Order on Bortles.

    4.    In the event that Cadle fails to file proof of service on Bortles or before May 10, 2006, the court will deny without prejudice Cadle's Motion for a Charging Order and request to be appointed as receiver (doc. # 130).

Dated at Denver, Colorado this 27th day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge