IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 89-cv-00732-JLK-CBS

SAND CREEK PARTNERS, LTD., a Colorado partnership, et al.,
    Plaintiffs,
v.

AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION OF COLORADO, a federally chartered savings and loan association, et al.,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action is before the court for review of the court's March 27, 2006 Order (doc. # 163) directing judgment creditor The Cadle Company ("Cadle") to file with the court on or before May 10, 2006 proof of service of the Motion for a Charging Order and request to be appointed receiver (doc. # 130) on Larry Bortles.

    On or about January 7, 1991, judgment was entered in this civil action in favor of the Resolution Trust Corporation ("RTC"), as receiver for American Savings of Colorado, a federally-chartered savings and loan association and against Plaintiffs Sand Creek Partners, Ltd., a Colorado limited partnership ("Sand Creek"), William L. Bergman, and Larry L. Bortles ("the Judgment"). On or about November 13, 1995, RTC assigned all its rights, title, and interest in the Judgment to Premier Financial Services-West, L.P. ("Premier"). On or about October 13, 1999, Premier assigned all its rights, title, and interest in the Judgment to Cadle.

Pursuant to Colo. Rev. Stat. § 7-60-128(1), "[o]n due application to a court of competent jurisdiction by any judgment creditor of a partner, the court that entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment with interest thereon . . . ." On March 29, 2005, Cadle filed its "Motion for a Charging Order" and request to be appointed as receiver (doc. #130). Pursuant to the memorandum dated March 30, 2005 (no doc. #), the Motion was referred to the Magistrate Judge. Movant Cadle alleged that Bortles is a partner in Sand Creek and several other partnerships. (*See* Motion for a Charging Order (doc. # 130) at ¶ 9). Cadle seeks to charge Bortles' partnership interests with payment of the unsatisfied amount of the Judgment and to be appointed as receiver of Bortles' share of the profits or any other money due or to become due to Bortles with respect to the partnerships. (*See* Motion for a Charging Order at ¶ 12).

Cadle's Motion has been pending for over thirteen months. The court held hearings on Cadle's Motion on July 12, 2005 and January 23, 2006. The court has afforded Cadle several extensions of time (to October 12, 2005, to December 27, 2005, to January 23, 2006, to February 23, 2006, to March 21, 2006, and to May 10, 2006) to effect service on Bortles in order to prosecute the Motion. (*See* docs. # 133, # 148, # 154, # 156, # 159, and # 163). In its March 27, 2006 Order, the court warned Cadle that if it failed to file proof of service on Bortles or before May 10, 2006, the court would deny the Motion without prejudice. As of this date, Cadle has not filed with the court proof of service on Bortles of the Motion. (*See, e.g.*, "Status Report Regarding Service"

(filed February 21, 2006) (doc. # 158); "Further Status Report" (filed March 21, 2006) (doc. # 161)).

  Accordingly,

  IT IS ORDERED that Cadle's Motion for a Charging Order and request to be appointed as receiver (filed March 29, 2005) (doc. # 130) is DENIED without prejudice for failure to file proof of service of the Motion on Bortles on or before May 10, 2006.

  Dated at Denver, Colorado this 15th day of May, 2006.

              BY THE COURT:

              *s/Craig B. Shaffer*
              United States Magistrate Judge